IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-178-F

| | |
|---|---|
| URSULA MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TOMICKA HICKS, SHARON STANLEY, ) | |
| PATRICIA TAYLOR, and JUDY MCARN, ) | |
| in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Motions to Dismiss filed by Defendant Tomiko Hicks [DE-21], and by Defendants Sharon Stanley, Patricia Taylor, and Judy McArn [DE-23]. For the reasons stated herein, the motions are ALLOWED.

I. **FACTUAL AND PROCEDURAL HISTORY**

On June 5, 2015, United States Magistrate Judge Robert B. Jones, Jr., allowed the plaintiff's motion to proceed *in forma pauperis*, *see* Order [DE-7]. Tthe plaintiff's Complaint [DE-8] was filed the same day. Generally, the plaintiff's Complaint alleges violations of the plaintiff's civil rights for failing to disburse child support payments. *See id.* at 5. The plaintiff sought retroactive payments of the allegedly owed payments. *See id.*

On August 5, 2015, the defendants filed the present motions to dismiss. The same day, the clerk of court sent the plaintiff letters, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her that failure to respond to the motions to dismiss could result in the court

granting the motions and dismissal of her case. *See* Letter of August 5, 2015 to Ursula McGee [DE-25].

Several weeks later, on August 31, 2015, the plaintiff filed a Motion for Continuance [DE-26], in which she essentially acknowledged improper service on the defendants and requested an extension of thirty days in which to serve process. *See id.* at 1. The court dismissed the plaintiff's motion as moot as she still had until October 3, 2015, to effectuate proper service. *See* Order of September 8, 2015 [DE-27] at 1. The court further informed the plaintiff that it would allow her until October 28, 2015, to respond to the pending motions to dismiss. *See id.* That time has now passed and the plaintiff has not (1) provided proof that she has served process on the defendants, or (2) responded to the pending motions to dismiss.

## II.  DISCUSSION

Despite the court's allowance of an extension of time to serve process and to respond to the present motions, the plaintiff has not provided proof of proper service of the defendants nor responded to the defendants' motions to dismiss. Accordingly, the motions to dismiss are uncontested. Those motions, at a minimum, show that the plaintiff has failed to properly serve the defendants, which the plaintiff acknowledged in her Motion for Continuance [DE-26]. For that reason, as well as the other reasons stated in the memoranda in support, the Motions to Dismiss [DE-21, -23] are ALLOWED. Furthermore, the court finds that any amendment to the Complaint would be futile. Therefore, dismissal with prejudice is warranted. *See MCLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009).

## III. CONCLUSION

For the foregoing reasons, the Motions to Dismiss [DE-21, -23] are ALLOWED. The Complaint [DE-8] is DISMISSED WITH PREJUDICE. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 25 day of October, 2015.

                                                 JAMES C. FOX
                                                 Senior United States District Judge