IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-178-F

| | |
|---|---|
| URSULA MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TOMICKA HICKS, SHARON STANLEY, ) | |
| PATRICIA TAYLOR, and JUDY MCARN, ) | |
| in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Motions to Dismiss filed by Defendant Tomiko Hicks [DE-21], and by Defendants Sharon Stanley, Patricia Taylor, and Judy McArn [DE-23]. The matters have been fully briefed and are ripe for ruling. For the reasons stated herein, the motions are ALLOWED.

I. FACTUAL AND PROCEDURAL HISTORY

On June 5, 2015, United States Magistrate Judge Robert B. Jones, Jr., allowed the plaintiff's motion to proceed *in forma pauperis*, *see* Order [DE-7]. The plaintiff's Complaint [DE-8] was filed the same day. Generally, the plaintiff's Complaint alleges violations of the plaintiff's civil rights for failing to disburse child support payments. *See id.* at 5. The plaintiff sought retroactive payments of the allegedly owed payments. *See id.*

On August 5, 2015, the defendants filed the present motions to dismiss. The same day, the clerk of court sent the plaintiff letters, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her that failure to respond to the motions to dismiss could result in the court

granting the motions and dismissal of her case. *See* Letter of August 5, 2015 to Ursula McGee [DE-25].

Several weeks later, on August 31, 2015, the plaintiff filed a Motion for Continuance [DE-26], in which she essentially acknowledged improper service on the defendants and requested an extension of thirty days in which to serve process. *See id.* at 1. The court dismissed the plaintiff's motion as moot as she still had until October 3, 2015, to effectuate proper service. *See* Order of September 8, 2015 [DE-27] at 1. The court further informed the plaintiff that it would allow her until October 28, 2015, to respond to the pending motions to dismiss. *See id.* On October 28, 2015, the plaintiff filed her response. However, there was no proof of service attached to the plaintiff's response, nor has the plaintiff provided any such proof to this date.

## II. DISCUSSION

Despite the court's allowance of an extension of time to serve process, the plaintiff has not provided proof that she properly served the defendants. Under Rule 4(m) of the Federal Rules of Civil Procedure, service must be effected within 120 days of filing a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the court must dismiss the action without prejudice or order that service be made within a specified time. *See id.* Here, while the plaintiff has filed summonses with the court, *see* Summons [DE-28], she has not filed *any* proof of service. Additionally, plaintiff has previously acknowledged that she failed to properly serve the defendants. *See* Mot. Continuance [DE-26]. As the Fourth Circuit has held, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). The court provided the plaintiff

2

with ample time to service process and to file proof of that service. The plaintiff has not made the necessary showing within the allotted time. For that reason alone, the Motions to Dismiss [DE-21, -23] can be ALLOWED.

Additionally, the defendants argue that the plaintiff's complaint should be dismissed for various other reasons. Defendant Hicks argues (1) that the claims against her in her individual capacity are barred by qualified immunity, (2) that the claims against her in her official capacity are barred by public official immunity, and (3) that the plaintiff has failed to state a claim. Indeed, at least as to the third argument, claims under § 1983 against municipalities must assert that some "official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 426 U.S. 658, 691 (1978). Parties may not otherwise sue municipalities under § 1983 using a *respondeat superior* theory. *Id.* Here, the plaintiff, at minimum, has not alleged that an official municipal policy caused her harm. The state defendants, for their part, argue (1) that the plaintiff's claims against them in their individual capacity are actually claims against the state and are therefore barred by the Eleventh Amendment, (2) that the individual claims against them are further barred by qualified immunity, and (3) that the plaintiff has failed to state a claim because there is no enforceable individual right under 42 U.S.C. § 657.

The plaintiff attempts to defend against these arguments not by signaling why her complaint states a claim, but by trying to factually bolster her complaint through her response. This is not allowed. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("Because only the legal sufficiency *of the complaint*, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged *in the complaint* . . . ." (emphasis added)). The court looks only to the facts of the complaint and any

3

incorporated documents when considering a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Even with the plaintiff's attempted supplementation of her complaint, the complaint still falls far short of overcoming the defendants' arguments. The court also finds that any amendment to the Complaint would be futile. Therefore, dismissal with prejudice is warranted. *See McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009).

## III. CONCLUSION

For the foregoing reasons, the Motions to Dismiss [DE-21, -23] are ALLOWED. The Complaint [DE-8] is DISMISSED WITH PREJUDICE. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 10 day of November, 2015.

*[signature]*
JAMES C. FOX
Senior United States District Judge